UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MIA B. SCAFFIDI,

        Plaintiff,

        v.                                    Case No. 05-C-1046

FISERV, INC.,

        Defendant.
_____

## ORDER

On October 3, 2005, *pro se* plaintiff Mia B. Scaffidi filed a complaint alleging claims of sex discrimination and retaliation against her former employer, defendant Fiserv, Inc. ("Fiserv"). On December 1, 2005, Fiserv filed a motion to compel arbitration and dismiss the complaint based upon an arbitration agreement that Scaffidi signed before she began her employment with Fiserv. Because Scaffidi agreed to arbitrate claims of sex discrimination and retaliation, the court will grant the motion to compel arbitration and dismiss the complaint.

## BACKGROUND

Fiserv is a Wisconsin corporation that engages in interstate commerce by providing technology, products, and services to the financial marketplace. Scaffidi began working for Fiserv on October 1, 2001, as an Assistant Vice President in its Corporate Marketing Department. Scaffidi resides in Wisconsin and worked for Fiserv in Wisconsin. Before Scaffidi began working, she signed a Mutual Agreement to Arbitrate Claims with Fiserv. (Swartz Decl. Ex. A) ("Arbitration Agreement").

Pursuant to the agreement, Scaffidi and Fiserv agreed to arbitrate certain claims, including sex discrimination claims. (*See id.* at 1.) Fiserv terminated Scaffidi's employment in June 2004. On February 17, 2005, Scaffidi filed a charge of discrimination with the EEOC. Fiserv participated in the EEOC's investigatory process. On July 6, 2005, the EEOC dismissed Scaffidi's charge and issued her a right to sue letter. In addition to participating in the EEOC's investigatory process, Scaffidi and Fiserv attempted to mediate Scaffidi's claims with the assistance of the Honorable Patrick Snyder on November 23, 2004, and again in September 2005, but the mediation did not result in settlement. On October 3, 2005, Scaffidi filed a complaint in this action alleging claims of sex discrimination and retaliation. On November 9, 2005, Fiserv sent Scaffidi a letter demanding that Scaffidi arbitrate the claims in the complaint. Scaffidi refused, and Fiserv filed a motion to compel arbitration and dismiss the complaint on December 1, 2005. The motion is fully briefed.

## ANALYSIS

A party can be compelled to arbitrate only if the party has agreed to arbitrate the dispute. *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (citation omitted). The question of arbitrability, i.e. whether the parties agreed to arbitrate and whether the dispute falls within the scope of the agreement, is to be

decided by the court, not the arbitrator, unless the parties clearly and unmistakably assign the determination of arbitrability to the arbitrator. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *AT & T Technologies*, 475 U.S. at 649; *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004); *Air Line Pilots Ass'n Int'l v. Midwest Express Airlines, Inc.*, 279 F.3d 553, 555 (7th Cir. 2002). On the other hand, the arbitrator, not the court, decides whether prerequisites to arbitration, such as time limits, notice, laches, estoppel, and other conditions precedent to arbitrability, have been met. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002).

In this case, the parties did not agree to arbitrate the question of arbitrability, so the court decides whether the parties formed an agreement to arbitrate and whether the plaintiff's dispute falls within the scope of the arbitration agreement. *First Options of Chicago*, 514 U.S. at 943 (stating that the federal court should apply the state law that ordinarily governs the formation of contracts). Scaffidi argues that the parties did not form an agreement to arbitrate because (1) the arbitration agreement lacked choice-of-law provisions at the time that Scaffidi signed the agreement; (2) the signature of Fiserv's human resources manager was not sufficient to bind Fiserv to the arbitration agreement; and (3) the arbitration agreement is not supported by adequate consideration. Each of the plaintiff's arguments lacks merit.

- 3 -

Case 2:05-cv-01046-JPS   Filed 07/20/06   Page 3 of 11   Document 23

A contract may fail for indefiniteness if the contract lacks essential terms, *see* E. Allan Farnsworth, Contracts § 3.27 (3d ed. 1999), but a choice-of-law provision is not an essential term because the parties need not specify the law that they wish to govern their contractual rights and duties. *See* Restatement (Second) Conflict of Laws § 188 (1971). Therefore, even if the arbitration agreement contained no choice of law provision, the agreement would still be effective. Moreover, the plaintiff is a Wisconsin resident, the defendant is a Wisconsin corporation, and the plaintiff worked for the defendant in Wisconsin. Even if Fiserv added provisions that Wisconsin law would govern the contract, the plaintiff does not contend that she expected any other state law to govern the arbitration agreement or that this court should apply the law of any state other than Wisconsin.

An arbitration agreement need not be signed. *Tinder v. Pinkerton Security*, 305 F.3d 728, 736 (7th Cir. 2002). Therefore, the arbitration agreement would be effective even if no Fiserv representative signed it. In this case, the unsigned arbitration agreement that was tendered to the plaintiff was Fiserv's offer to bind itself to arbitration in exchange for the plaintiff's promise to do the same. A valid written offer need not contain a signature. Relatedly, Scaffidi does not contend that her own signature was forged or otherwise dispute that she assented to the agreement.

The arbitration agreement is supported by adequate consideration. Scaffidi argues that Fiserv "is bound by nothing." (Scaffidi Br. 9, Dec. 19, 2005.) Scaffidi

- 4 -

argues that Fiserv's promise to arbitrate claims is illusory. (*Id.* at 11.) A claim of missing consideration is a question of arbitrability that is to be decided by the court, not the arbitrator. *See Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997). Consideration for one party's promise to arbitrate can be the other party's promise to do the same. *Tinder*, 305 F.3d at 734; *Gibson*, 121 F.3d at 1131. In this case, the arbitration agreement contains Fiserv's promise to arbitrate certain claims. (*See* Arbitration Agreement at 1) ("The parties agree to submit to arbitration any and all disputes arising from or related to certain compensation matters and claims of discrimination or sexual harassment during the employment relationship . . . .") The agreement itself is entitled, "*Mutual* Agreement to Arbitrate Claims." (*See* Arbitration Agreement at 1) (emphasis added). The arbitration agreement also states, "Each party's promise to resolve claims by arbitration in accordance with the provisions of this Agreement, rather than through the courts, is consideration for the other party's like promise." (*See* Arbitration Agreement at 1.) The arbitration agreement is supported by adequate consideration.

Scaffidi argues that even if she agreed to arbitrate her claims, the arbitration agreement is unenforceable because it is unconscionable and a contract of adhesion. Scaffidi argues that the arbitration agreement is unconscionable because it is a form contract, offered on a take-it-or-leave-it basis, and Scaffidi had to sign it if she wanted the possibility of a job with Fiserv. (Scaffidi Br. 12.)

- 5 -

There is nothing inherently unconscionable about form contracts. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593 (1991) ("[W]e do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining."). With respect to arbitration agreements and provisions, the Seventh Circuit has held that "[s]tandard-form agreements are a fact of life," *Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004), and unconscionability arguments have been "rejected in this circuit as often as [they have] been raised." *Id.*; *see Carbajal v. H & R Block Tax Services, Inc.*, 372 F.3d 903, 905-06 (7th Cir. 2004) ("Is enforcement of this clause unconscionable? How could it be? Arbitration is just a forum; people may choose freely which forum will resolve their dispute.") In this case, Scaffidi argues that the arbitration agreement does not require Fiserv to arbitrate all claims that it may have against its employees, but that does not matter. *See Oblix*, 374 F.3d at 491 ("That Oblix did not promise to arbitrate all of its potential claims is neither here nor there.") Scaffidi argues that she is forced to surrender rights guaranteed to her in federal anti-discrimination statutes, but the arbitration agreement does not require her to surrender any substantive rights. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("The Court has been quite specific in holding that arbitration agreements can be enforced under the [Federal Arbitration Act] without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law."); *Gilmer v.*

*Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.")

Scaffidi argues that the arbitration agreement contains onerous terms that limit discovery, preclude judicial review of the arbitrator's decision, and bar the plaintiff from recovering attorney's fees that are authorized by statute. Under Wisconsin law, unconscionability is a contract defense that requires a showing of both procedural and substantive unconscionability. *Discount Fabric House of Racine, Inc. v. Wisconsin Tele. Co.*, 345 N.W.2d 417, 425 (1984). A contract term is substantively unconscionable if it is one-sided and creates an unfair advantage to one party. *See Wisconsin Auto Title Loans, Inc. v. Jones*, 696 N.W.2d 214, 219-20 (Wis. Ct. App. 2005). The limits on discovery and the "binding" nature of the arbitrator's decision apply equally to Fiserv and Scaffidi and, therefore, create no unfair advantage to Fiserv. Limits on discovery in arbitration are permissible. *Gilmer*, 500 U.S. at 31 (stating that the plaintiff had not shown that he lacked a "fair opportunity to present [his] claims"). Moreover, limited discovery does not present a question of arbitrability and is an issue appropriately decided by an arbitrator. *See Kristian v. Comcast Corp.*, 446 F.3d 25, 42-43 (1st Cir. 2006). Scaffidi argues that the provision, "the arbitrator's decision will be final and binding upon the parties," is unconscionable, but she does not support her argument with any legal authority and the court can find none. With respect to attorney's fees, the arbitration agreement refers only to costs,

not attorney's fees: "Each party shall be responsible for its own costs incurred preparing for and participating in arbitration. The costs and fees of the arbitrator, the record, and of the AAA shall be borne by Fiserv." (Arbitration Agreement ¶ 15.) This provision, like the other provisions that Scaffidi highlights, is not unreasonably favorable to Fiserv and is not overly harsh; it does not prevent the arbitrator from awarding Scaffidi attorney's fees if she prevails on her claims. In any event, the arbitrator, not the court, must determine the validity of ancillary provisions such as cost provisions. *Carbajal*, 372 F.3d at 906.

Even if the arbitration agreement is valid and enforceable, Scaffidi argues that Fiserv did not comply with contractual time limitations for demanding arbitration. (Scaffidi Br. 16-17.) However, the arbitrator, not the court, decides whether prerequisites to arbitration, such as time limits, have been met. *Howsam*, 537 U.S. at 84-85. Scaffidi also argues that Fiserv waived its right to arbitration by participating in mediation and in the EEOC investigatory process. (Scaffidi Br. 17.) Although *Howsam* stated that waiver and delay are also issues for an arbitrator, *Howsam*, 537 U.S. at 84 ("[T]he presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability."), courts interpreting *Howsam* have split on the issue of whether waiver should be determined by the court or the arbitrator. *Compare Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 328 F.3d 462, 466 (8th Cir. 2003) (holding that waiver is presumptively an issue for the arbitrator and not for the courts); *Bellevue Drug Co. v. Advance PCS*,

- 8 -

333 F. Supp. 2d 318, 324 (E.D. Pa. 2004) (same), *with Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 11-14 (1st Cir. 2005) (holding that waiver by conduct, at least where due to litigation-related activity, is presumptively an issue for the court); *Carbajal v. Household Bank, FSB,* 2003 WL 22159473, at *8-9 (N.D. Ill. Sept. 18, 2003) (same). This issue of law makes no difference in this case. Even if the waiver issue were for the court to decide, Fiserv did not waive its right to arbitrate. The court will find a waiver if "based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Grumhaus v. Comerica Securities, Inc.*, 223 F.3d 648, 650-51 (7th Cir. 2000) (quotation omitted). Fiserv did not waive its right to arbitrate by participating in the EEOC investigatory process. *See Marie*, 402 F.3d at 16 ("[A]n employer cannot waive its right to arbitration by failing to raise the arbitration defense with the EEOC or by failing to initiate arbitration during the pendency of the EEOC proceedings."); *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222-23 (11th Cir. 2000); *Gonzalez v. GE Group Adm'rs, Inc.*, 321 F. Supp. 2d 165, 171-72 (D. Mass. 2004); *Hankee v. Menard, Inc.*, 2002 WL 32357167, at *5 (W.D. Wis. Apr.15, 2002); *DeGroff v. MascoTech Forming Techs.*, 179 F. Supp. 2d 896, 913 (N.D. Ind. 2001). Fiserv was under no obligation to make a pre-suit demand for arbitration. *See Brown*, 211 F.3d at 1223. Moreover, "[p]reliminary negotiations concerning a settlement are not sufficient to waive arbitration." *Dickinson v. Heinold Securities, Inc.*, 661 F.2d 638, 641 (7th Cir. 1981). Fiserv did not waive its right to

arbitrate by engaging in settlement discussions or mediation efforts. *See id.* (eighteen month delay that occurred while attempting to settle dispute does not work as a waiver to arbitration). Fiserv demanded arbitration approximately one month after Scaffidi filed suit in federal court and before it filed an answer. Because Fiserv did not delay or act in a manner inconsistent with an intent to arbitrate, no waiver occurred. *See Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) (finding no waiver where defendant moved to compel arbitration less than two months after suit was filed).

Scaffidi does not contest that her claims of sex discrimination and retaliation fall within the scope of the arbitration agreement nor could she. (Arbitration Agreement at 1) ("[T]he claims covered by this Agreement include . . . discrimination claims, including but not limited to . . . sex.")

Because Scaffidi agreed to arbitrate claims of sex discrimination and retaliation, the court will grant the motion to compel arbitration. Because all of Scaffidi's claims are arbitrable, the court will dismiss this action. *See, e.g., Deputy v. Lehman Bros., Inc.*, 374 F. Supp. 2d 695, 711 (E.D. Wis. 2005) ("A court may dismiss a case if all of the issues raised before it are arbitrable.").

Accordingly,

**IT IS ORDERED** that the defendant's motion to compel arbitration and dismiss the complaint be and the same is hereby **GRANTED**;

- 10 -

**IT IS FURTHER ORDERED** that the action be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this  20th  day of July, 2006.

BY THE COURT:

 s/ J. P. Stadtmueller  
J. P. Stadtmueller  
U.S. District Judge